## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| GEOFFREY ANGULO, individually and on behalf of all others similarly situated,<br><br>v.<br><br>CHUBB NATIONAL INSURANCE COMPANY; CHUBB LLOYDS INSURANCE COMPANY OF TEXAS; and CHUBB INDEMNITY INSURANCE COMPANY | Case No. 4:22-cv-00444<br><br>Fed. R. Civ. P. 23 Class Action |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

### Summary

1. Texas auto owners like Geoffrey Angulo purchase auto insurance to protect themselves from loss in the event of a collision.

2. Geoffrey Angulo's daughter was involved in an automobile collision which resulted in her car's being totaled.

3. Angulo maintained auto insurance coverage with Chubb.

4. But Chubb and its representatives adjusted Angulo's claim in bad faith and refused to pay acquisition costs, including sales tax, due to Angulo under his claim.

5. Chubb does the same thing to its policyholders across Texas who suffer property losses.

6. Angulo seeks the damages due to him and other similarly situated persons under their Chubb insurance policies.

7. Angulo also seeks a declaratory judgment enjoining Chubb from further bad faith action on his and similarly situated persons' claims and compelling Chubb to issue payments and benefits under these policies.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

9. The amount in controversy in this action exceeds $5 million, exclusive of interests and costs.

10. Angulo is a citizen of Texas.

11. Chubb National and Chubb Indemnity are not citizens of Texas.

12. There are at least 100 total members of all proposed plaintiff classes.

13. None of the exceptions under 28 U.S.C § 1332(e)(3)-(4) apply to this claim.

14. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events at issue occurred in this District and Division.

16. The contract of insurance between Angulo and Chubb called for performance and payment to be made to Angulo in this District and Division.

## PARTIES

17. Angulo is a natural person who is a resident and citizen of Texas.

18. Angulo represents a class of similarly situated persons, pursuant to Federal Rule of Civil Procedure 23. This class is defined as:

> Persons insured under any Texas policy issued by Chubb with the same material operative policy language covering a vehicle with auto physical damage coverage who: (a) made a first-party auto property damage claim at

any time within the four years and 325 days[1] prior to the date this Complaint is filed; (b) whose vehicle was declared a total loss; (c) whose claim was adjusted as a total loss; and (d) where the total loss payment was for an amount less than the adjusted vehicle value, plus sales tax calculated as the applicable percentage of the adjusted vehicle value, applicable title fees, and applicable registration fees, less any applicable deductible and salvage-retained value.

19. **Chubb National Insurance Company ("Chubb National")** is a foreign insurance company.

20. Chubb National conducts business in a systematic and continuous manner throughout Texas and this District.

21. Chubb National may be served by serving its registered agent for service of process: **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-4284**.

22. **Chubb Lloyds Insurance Company of Texas ("Chubb Lloyds")** is a foreign insurance company.

23. Chubb Lloyds conducts business in a systematic and continuous manner throughout Texas and this District.

24. Chubb Lloyds may be served by serving its registered agent for service of process: **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-4284**.

25. **Chubb Indemnity Insurance Company ("Chubb Indemnity")** is a foreign insurance company.

26. Chubb Indemnity conducts business in a systematic and continuous manner throughout Texas and this District.

---

[1] Due to the Covid-19 State of Disaster, the Texas Supreme Court issued a series of emergency orders providing for tolling of statutes of limitations from March 13, 2020, to February 1, 2021 (325 days).

27. Chubb Indemnity may be served by serving its registered agent for service of process: **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-4284**.

28. Chubb National, Chub Lloyds, and Chubb Indemnity operate under the Chubb brand identity.

29. Chubb National, Chub Lloyds, and Chubb Indemnity sell the same insurance policies and products, provide their customers using the same policy forms, and have the same practices and procedures with regard to insuring and adjusting claims.

30. Chubb National, Chub Lloyds, and Chubb Indemnity are referred to jointly throughout this Complaint as "Chubb."

### RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

31. At all relevant times, Chubb's adjusters and representatives were employed by and acting in furtherance of the business of Chubb.

32. Chubb remains liable for the improper acts and omissions of its principal officers, adjusters, agents, and other representatives under respondeat superior and vicarious liability.

### CONDITIONS PRECEDENT

33. All conditions precedent to Angulo's right to recover have been performed or have occurred.

34. Angulo relies on and pleads the discovery rule regarding any statute of limitations defense that may be asserted by any Defendant, including fraudulent concealment.

### FACTS RE ANGULO'S LOSS

35. On August 20, 2021, Angulo's daughter was involved in an auto collision.

36. The car driven by Angulo's daughter and involved in the collision was owned by Angulo.

37. The car involved in the collision was a 2011 Audi A5 (VIN WAU3FAFR0BA021576).

38. As a result of the collision, Angulo's car was totaled.

39. At the time of the collision, Angulo's car was insured by Chubb under policy number 14725881-03.

40. A copy of Angulo's insurance policy is attached as Exhibit A.

41. The terms of Angulo's insurance policy are incorporated by reference.

42. Angulo submitted to Chubb a timely claim for property damage resulting from the collision.

43. Under Angulo's policy, Chubb was required to pay the sales tax for a replacement vehicle in the event of a loss.

44. Chubb agreed to pay for the loss itself, but refused to pay the sales tax.

45. Sales tax is an acquisition cost.

46. Despite the plain language of the policy that Chubb was required to pay sales tax, Chubb claimed it did not owe sales tax to Angulo under the policy.

47. Chubb made the final determination it would not pay sales tax to Angulo.

48. As a result, Angulo was required to retain an attorney to make a claim for insurance benefits under his policy.

49. Angulo has not been compensated for Chubb's wrongful conduct and delay.

### FACTS RE INSURANCE CLAIM

50. When its insureds suffer damage (or loss) to a vehicle caused by a covered peril, Chubb determines the costs necessary to repair the damage to the vehicle, which might

include replacement of component parts of the vehicle, paint, repair labor, and other expenses.

51. If the salvage value plus the cost (labor and parts of like kind and quality without deduction for depreciation) necessary to repair the vehicle is equal to or greater than the market value of the vehicle (prior to the loss), Chubb determines the vehicle to be a total loss.

52. In Texas, the costs necessary to replace a vehicle includes the adjusted vehicle value of the vehicle plus sales tax, title fees, and registration fees.

53. Texas law is clear that actual cash value (ACV) includes costs reasonably likely to be incurred in property replacement. *Tolar v. Allstate Tex. Lloyd's Co.*, 772 F.Supp.2d 825 (N.D. Tex. 2011).

54. It is "settled law" that insurers adjusting claims in Texas may not deduct or withhold sales tax from ACV payments. *Tolar v. Allstate Tex. Lloyd's Co.*, 772 F.Supp.2d 825 (N.D. Tex. 2011).

55. Sales tax is imposed on every vehicle transaction and is reasonably likely to be incurred upon replacement of the total loss vehicle.

56. Chubb pays the underlying value of the total loss vehicle as part of the ACV payment to insureds.

57. Chubb determines the underlying vehicle by determining the cost to purchase a similar vehicle.

58. Chubb thus acknowledges that the underlying value is, at minimum, reasonably necessary replacement costs.

59. On many claims, GEICO pays sales tax as part of the ACV payment to insureds, thereby acknowledging that sales tax is, at minimum, a reasonably necessary replacement cost.

60. Chubb determines the location or residence of the insured, and applies sales tax at the applicable rate depending on the county (state rate plus any local or county surtax) to the adjusted vehicle value of the total loss vehicle.

61. In other claims, however, Chubb does **not** include sales tax as part of the ACV payment to insureds, even though the **exact** same policy language applies to all insureds, and even though the Policy does not include any language permitting it to distinguish between vehicles for purposes of its contractual obligations.

62. The relevant Chubb policy language provides:[2]

> If the vehicle is insured for an agreed value, the amount of coverage will be the greater of the agreed value or the market value…. However, we do not cover acquisition costs **except sales tax**.

63. Chubb's failure to pay sales tax is a breach of its policy obligation to pay replacement costs (less depreciation/betterment) to insureds who suffer a total loss of their insured vehicle.

64. Chubb insured Angulo and all putative class members during the class period under Texas private passenger auto insurance policies providing coverage for physical damage.

65. Chubb's policies issued to Angulo and all putative class members during the class period have policy terms with materially identical policy provisions relating to the physical damage coverage provided on total loss claims.

---

[2] Ex. A, Chubb Policy, at O-2 (emphasis added).

66. The policy language insuring the total losses of Angulo and each putative class member is the same in all material respects.

67. Chubb's failure to pay these acquisition costs is part of a uniform business practice applicable to all putative class members.

## CLASS ACTION ALLEGATIONS

68. Angulo incorporates all other allegations.

69. **Numerosity**. Numerous other individuals submitted property loss claims to Chubb and were not compensated for all acquisitions losses, such as sales tax.

70. The Putative Class Members are so numerous that joinder of all members is impracticable.

71. The precise number of putative class members is unknown to Angulo at this time but may be ascertained through discovery.

72. The identity of Putative Class members is readily identifiable from Chubb's records.

73. **Commonality**. The questions of law and fact common to Angulo and the Putative Class Members' claims predominate over any questions affecting solely any individual members.

74. The common questions of law and fact include, but are not limited to, the following:

   (a) Whether acquisition costs were due to be paid under Chubb's policies to Angulo and the Putative Class Members;

   (b) Whether Angulo and the Putative Class Members are owed penalties under the Texas Prompt Payment Act; and

  (c) Whether Chubb's conduct constituted an unreasonable investigation of the Putative Class Members' claims under Texas Insurance Code chapter 541.

75. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class action treatment.

76. **Typicality**. Angulo's claims are typical of the Putative Class Members' claims.

77. Angulo and the Putative Class Members have sustained damages arising out of Chubb's uniform policies and procedures.

78. All Putative Class Members were injured through Chubb's uniform misconduct in adjusting and paying or withholding payment on their claims.

79. Angulo advances the same claims and legal theories on behalf of the class as for himself.

80. Angulo's claims are therefore typical of those of the Putative Class Members.

81. **Adequacy of Representation**. Angulo will fairly and adequately protect the interests of Putative Class Members.

82. Angulo has retained counsel experienced in claims such as this and in complex class action litigation, and Angulo intends to prosecute this action vigorously.

83. Angulo has no interest contrary to, or in conflict with, the Putative Class Members.

84. Like each member of the proposed class, Angulo has an interest in obtaining the damages owed under the law.

85. **Superiority**. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

86. The damages suffered by each individual class member is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Chubb. It would thus be virtually impossible for class members, on an individual basis, to obtain effective redress for the wrongs done to them.

87. Even if class members could afford individualized litigation, such individualized litigation would place tremendous strain on the judicial system.

88. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.

89. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.

90. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, comprehensive supervision by a single court, and judicial consistency.

91. A class action presents no unusual management difficulties under the circumstances here.

92. Angulo knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

93. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Chubb will reap the unjust benefits of violating the law.

### 1ST CAUSE OF ACTION—DECLARATORY JUDGMENT

94. Angulo incorporates each other allegation.

95. Angulo requests his rights, status, and other legal relationships under his Chubb policy be established by a court of competent jurisdiction, pursuant to Texas Civil Practice and Remedies Code § 37.001, *et seq.*

96. Angulo seeks a declaration that:

    a. Angulo's claim for property loss under his Chubb insurance policy, as a result of the auto collision on August 20, 2021, is covered under the Chubb insurance policy; and

    b. Chubb is liable under the policy for acquisition costs, including sales tax.

97. Angulo seeks a declaration pursuant to the Texas Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq.*, that acquisition costs fall within the coverage of his Chubb insurance policy and of his rights to such benefits.

98. Angulo seeks a declaration determining the benefits under the Chubb insurance policy which he is entitled to recover from Chubb.

99. Angulo seeks a declaration pursuant to Texas Insurance Code § 541.152(2) enjoining Chubb and its adjusters, employees, agents, and representatives from engaging in the following acts:

    a. Delaying, failing to make, or refusing to make payments or offers of settlement under applicable first-party coverage on the basis that the Chubb policy does not cover acquisition costs; and

    b. Any other relief which the court deems proper.

### 2ND CAUSE OF ACTION—VIOLATIONS OF TEXAS INSURANCE CODE

100. Angulo incorporates each other allegation.

101. Chubb failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code § 541.060(a)(2)(A).

102. Chubb failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

103. Chubb failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code § 541.060(a)(3).

104. Chubb refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code § 541.060(a)(7).

105. Chubb misrepresented the insurance policy under which Chubb afforded insurance coverage to Angulo, by making an untrue statement of material fact, in violation of Texas Insurance Code § 541.061(1).

106. Chubb misrepresented the insurance policy under which Chubb afforded insurance coverage to Angulo, by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code § 541.061(2).

107. Chubb misrepresented the insurance policy under which Chubb afforded coverage to Angulo, by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code § 541.061(3) and Texas Insurance Code § 541.002 (1).

108. Chubb's acts and omissions were done knowingly, in that they each had actual awareness of the falsity, unfairness, or deceptiveness of their acts or practices. TEX. INS. CODE § 541.002(1).

109. As a result of Chubb's breach of these legal duties, Angulo suffered legal damages.

### 3RD CAUSE OF ACTION—PROMPT PAYMENT OF CLAIMS

110. Angulo incorporates each other allegation.

111. Chubb delayed payment of Angulo's claim in violation of Texas Insurance Code § 542.058(a).

112. Chubb failed to timely request from Angulo any additional items, statements or forms that Chubb reasonably believed to be required from Angulo, if any, in violation of Texas Insurance Code § 542.055(a)(2)-(3).

113. Chubb failed to notify Angulo in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements, and forms required by Chubb in violation of Texas Insurance Code § 542.056(a).

114. Chubb did not pay the portions of Angulo's claim Chubb had accepted within 5 business days, in violation of Texas Insurance Code § 542.057(a).

115. Chubb's acts and omissions were done knowingly, in that it had actual awareness of the falsity, unfairness, or deceptiveness of their acts or practices. TEX. INS. CODE § 541.002(1).

116. As a result of Chubb's breach of these legal duties, Angulo suffered legal damages.

### 4TH CAUSE OF ACTION—VIOLATION OF UNFAIR SETTLEMENT ACT

117. Angulo incorporates each other allegation.

118. Chubb failed to attempt in good faith to effect a prompt, fair, and equitable settlement of Angulo's claim, in violation of Texas Insurance Code §§ 541.060 and 542.003.

119. Chubb failed to investigate, evaluate, and pay Angulo's insurance claim, compelling him to institute litigation.

120. Chubb's acts and omissions were done knowingly, in that it had actual awareness of the falsity, unfairness, or deceptiveness of their acts or practices. TEX. INS. CODE § 541.002(1).

121. As a result of Chubb's breach of these legal duties, Angulo suffered legal damages.

### 5TH CAUSE OF ACTION—BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

122. Angulo incorporates each other allegation.

123. Chubb, as Angulo's insurer, had a duty to deal fairly and in good faith with Angulo in the processing of the underlying claim.

124. Chubb breached this duty by refusing to properly investigate and effectively denying insurance benefits.

125. Chubb knew or should have known that there was no reasonable basis for denying or delaying the required benefits.

126. As a result of Chubb's breach of these legal duties, Angulo suffered legal damages.

### 6TH CAUSE OF ACTION—BREACH OF CONTRACT

127. Angulo incorporates each other allegation.

128. Angulo entered into a valid, enforceable agreement with Chubb to provide insurance, including for property loss claims.

129. Angulo fully performed all of his obligations under the policy, including payment for the services provided by Chubb.

130. Chubb breached the contract by its failure to act in accordance with the standards set forth in the contract and to pay Angulo's property loss claim.

131. As a result of Chubb's breach of the contract, Angulo has suffered legal damages.

## DAMAGES

132. Chubb's acts and omissions, individually and collectively, caused Angulo to sustain legal damages.

133. Angulo is entitled to be compensated for damages and economic losses, including sales tax and all other acquisition costs owed under his Chubb insurance policy.

134. Angulo is entitled to additional damages resulting from Chubb's acts and omissions, which include consequential damages to Angulo's physical health, economic welfare, mental anguish, credit reputation, and the other actual damages permitted by law resulting from the wrongful delay and denial in coverage under his policy.

135. Angulo is entitled to exemplary damages.

136. Angulo is entitled to recover attorneys' fees pursuant to the Texas Insurance Code.

137. Angulo is entitled to exemplary damages because Chubb acted fraudulently and with malice in delaying and denying Angulo's claim for property loss. Further, Chubb, had actual, subjective knowledge of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Angulo.

138. Angulo is entitled to trebled damages because Chubb's Texas Insurance Code violations were committed knowingly.

139. Angulo is entitled to recover attorneys' fees pursuant to Texas Civil Practice & Remedies Code section 38.001(8).

140. Angulo is entitled to statutory interest on the amount of his insurance claim at the rate of 18% per year as damages pursuant to Texas Insurance Code § 542.060(a).

141. Angulo is entitled to pre- and post-judgment interest at the maximum legal rates.

142. Further, Angulo is entitled to exemplary damages due to Chubb's negligence, gross negligence, and negligence per se.

143. The Putative Class Members are entitled to the same damages.

## JURY DEMAND

144. Angulo demands a jury trial on all issues.

## RELIEF SOUGHT

Wherefore, Angulo prays for judgment against Chubb as follows:

(d) For an order certifying Angulo's claims as a Rule 23 class action, appointing Angulo as a class representative, and his counsel as class counsel;

(e) For an order finding Chubb liable for violations of the law with respect to Angulo and all class members covered by this case;

(f) For a judgment awarding all damages allowed under the law to Angulo and all class members covered by this case;

(g) For a judgment awarding Angulo and all class members covered by this case their attorneys' fees, costs, and expenses of this action;

(h) For a judgment awarding Angulo and all class members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(i) For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Shannon E. Loyd*

By: _____
SHANNON E. LOYD
Texas Bar No. 24045706
S.D. Texas Bar No. 1724966
LOYD & POLLOM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone: (210) 775-1424
Electronic Mail: shannon@lp-lawfirm.com

**Lead Counsel for Plaintiff**

*/s/ Matthew S. Parmet*

By: _____
**Matthew S. Parmet**
TX Bar # 24069719
S.D. Tex. # 1076547
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228
matt@parmet.law

**Michael D. Lore**
Texas Bar No.
S.D. Texas Bar No. 17816
**MICHAEL D. LORE, PC**
11 Greenway Plaza, Ste. 3025
Houston, TX 77046
Tel.: (713) 782-5291
Email: mlore@lorefirm.com

**Of Counsel for Plaintiff**